25CA0201 Dobler v CDOC 07-09-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0201
El Paso County District Court No. 24CV154
Honorable Eric Bentley, Judge

---

Zachariah Dobler,

Plaintiff-Appellant,

v.

Colorado Department of Corrections,

Defendant-Appellee.

---

APPEAL DISMISSED

Division III
Opinion by JUDGE KUHN
Freyre and Taubman*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 9, 2026

---

Zachariah Dobler, Pro Se

Philip J. Weiser, Attorney General, Rebekah Ryan, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee


*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1    In this prisoner earned time dispute, the trial court attempted to retroactively alter post-trial proceedings to effectively toll the deadline for an untimely notice of appeal.  But because the trial court lacked the authority to remedy such a jurisdictional defect, we dismiss the appeal for lack of jurisdiction.

## I.    Background

¶ 2    Plaintiff, Zachariah Dobler, pleaded guilty in 2012 in two separate cases.  In the first case, he was sentenced to six years in the custody of Colorado Department of Corrections (CDOC)[1] for second degree burglary.  That sentence ran concurrently to another sentence in an older case.  In the second 2012 case, Dobler was convicted of vehicular homicide and leaving the scene of an accident involving death and sentenced to twenty-four years in the custody of the CDOC on each count, with the two sentences running consecutively to each other.

¶ 3    While in custody, Dobler obtained an associate degree from an accredited higher education institution.  According to Dobler,

---

[1] Dobler brought the underlying case against the "Colorado Department of Corrections Agent for Time Computation Department" as the defendant.  In this appeal, we refer to the defendant agent and the department collectively as the CDOC.

because he obtained the degree, section 17-22.5-405(3.7)(a)(II), C.R.S. 2025, entitled him to a one-year deduction of earned time from his overall sentence. The CDOC disagreed and refused to deduct the earned time.

¶ 4 After exhausting his administrative remedies, Dobler filed a petition for mandamus relief in the trial court, seeking to compel the CDOC to deduct one year of earned time from his sentence. The CDOC moved to dismiss the case for failure to state a claim, and the trial court granted the motion, ruling that Dobler's sentence for second degree burglary disqualified him from the deduction according to section 17-22.5-405(5)(b).

## II.    Analysis

¶ 5 Dobler appeals, contending that because the second degree burglary sentence has been discharged, it doesn't bar him from receiving the earned time deduction. However, we don't reach the merits of his contention because we determine that he untimely filed his notice of appeal.

### A.    Standard of Review

¶ 6 We have an independent duty to determine whether we have jurisdiction before reaching the merits of an appeal. *Smith v. City &*

2

*County of Denver*, 2025 COA 70, ¶ 12.  Appellate jurisdiction is determined by subject matter jurisdiction, timeliness, and finality.  *Chavez v. Chavez*, 2020 COA 70, ¶ 18.  "The timely filing of a notice of appeal in accordance with the Colorado Appellate Rules is a mandatory prerequisite for us to review an appeal."  *Smith*, ¶ 14.

¶ 7    We interpret court rules under the same principles used for statutory interpretation.  *In re Estate of Ybarra*, 2024 COA 3, ¶ 8.  "Accordingly, we apply the plain and ordinary meanings of the words in the rules, attempt to give effect to each word, and, where possible, interpret each provision in the rules in harmony with the rules' overall design."  *Id.*

¶ 8    We broadly construe briefs filed by a pro se litigant "to ensure that they are not denied review of important issues because of their inability to articulate their argument like a lawyer."  *Jones v. Williams*, 2019 CO 61, ¶ 5.  But we may not rewrite the briefs or act as an advocate for a self-represented party.  *Johnson v. McGrath*, 2024 COA 5, ¶ 10.

## B.    Applicable Law

¶ 9    An appellant must file a notice of appeal in a civil case within forty-nine days of the final judgment.  *Chavez*, ¶ 20 (citing C.A.R.

4(a)).  However, "[t]he running of the time for filing a notice of appeal is terminated as to all parties when any party timely files a motion in the lower court pursuant to C.R.C.P. 59."  C.A.R. 4(a)(3).

¶ 10     Rule 59(a) permits parties to move for post-trial relief within fourteen days of the final judgment "or such greater time as the court may allow pursuant to a request for an extension of time made within that [fourteen]-day period."  Failure to timely file a post-trial motion within the fourteen-day period — or within an extended period of time allowed by the court — "deprives the court of jurisdiction to act under [Rule] 59."  *In re Marriage of McSoud*, 131 P.3d 1208, 1212 (Colo. App. 2006); *accord Parker Excavating, Inc. v. City & County of Denver*, 2012 COA 180, ¶ 10.

¶ 11     Timely Rule 59 motions toll the forty-nine-day period to file a notice of appeal until a trial court disposes of the last Rule 59 motion or after sixty-three days — when Rule 59 motions are automatically deemed denied.  C.A.R. 4(a)(3); C.R.C.P. 59(j).  That said, a motion for extension of time alone, even if timely filed, doesn't toll the notice of appeal deadline.  *Ybarra*, ¶¶ 15-16; *cf. In re Marriage of Forsberg*, 783 P.2d 283, 284 n.2 (Colo. 1989) (noting a C.R.C.P. 60 motion doesn't toll the appeal deadline).

## C. Additional Facts

¶ 12 Fourteen days after the trial court granted the motion to dismiss, Dobler timely filed a motion for extension of time, requesting an additional sixty days to file a Rule 59 motion.[2] Then nothing occurred in the case until after the forty-nine-day deadline to file the notice of appeal lapsed on January 7, 2025.

¶ 13 The following day, the trial court denied Dobler's motion for an extension of time because "[t]he case has already been dismissed." Dobler objected to the denial about a week later, asserting, in part, that the trial court had inadvertently abridged his right to appeal. Two weeks after that, Dobler simultaneously filed a notice of appeal in this court and a Rule 59 motion in the trial court.[3]

¶ 14 On February 11, 2025, the trial court issued an order addressing Dobler's objection and Rule 59 motion. In the order, the court

---

[2] The dates for Dobler's notice of appeal and pleadings are determined by when he deposited them in the CDOC's internal mail system. *See* C.A.R. 4(d); C.R.C.P. 5(f).

[3] Dobler's C.R.C.P. 59 motion made claims similar to those he raises on appeal.

- determined that it had erred by denying Dobler's motion for an extension of time based on the case having been dismissed;

- vacated its denial of the motion for an extension of time and retroactively granted the motion's request for a sixty-day extension;

- found Dobler's Rule 59 motion timely based on the extension;

- ruled that it retained jurisdiction to address the Rule 59 motion because Dobler filed it simultaneously with his notice of appeal; and

- set a briefing schedule.

Following briefing, the trial court denied the Rule 59 motion. However, the court issued its denial on May 4, 2025, ninety-six days after Dobler filed his Rule 59 motion (and eighty-two days after the court's February 11 order).

¶ 15     Dobler subsequently filed an amended notice of appeal. A motions division of this court struck the amended notice of appeal on June 20, 2025, because Dobler filed it without leave. The motions division also concluded that the trial court's May 4 order

6

was void because the Rule 59 motion had been denied by operation of law before the court ruled on it.

### D.    Lack of Jurisdiction

¶ 16    Dobler filed his notice of appeal weeks after the deadline lapsed on January 7.  *See* C.A.R. 4(a)(1).  The notice of appeal was thus untimely unless the deadline had been tolled.  *See* C.A.R. 4(a)(3).

¶ 17    It is true that Dobler timely filed his motion for an extension of time under Rule 59.  But the trial court didn't rule on that motion before the forty-nine-day appeal deadline lapsed, and the court denied the motion for an extension when the court did rule on it. The trial court didn't explain why it took thirty-six days to rule on the motion.  Regardless, Dobler provides us with no authority — and we are aware of none — permitting him to rely on the court's inaction to toll the appeal deadline.  *See Moyer v. Empire Lodge Homeowners' Ass'n*, 78 P.3d 313, 315 (Colo. 2003) ("A party seeking an enlargement of time within which to take a required action, delays beyond an as yet unextended deadline at [their] own peril."); *cf. P.H. v. People in Interest of S.H.*, 814 P.2d 909, 912 (Colo. 1991) (holding that an exception for a late filing of a notice of appeal

applied when the delayed filing was a "direct result of reliance on an erroneous trial court ruling purporting to extend the deadline for filing"). It follows that the mere filing of the motion for an extension of time itself didn't toll the time for Dobler to file his notice of appeal before the deadline lapsed. *See Ybarra,* ¶¶ 15-16; *see also Campbell v. McGill,* 810 P.2d 199, 200 (Colo. 1991) (holding that a motion for an extension of time is "not itself a [Rule] 59 motion").

¶ 18 Nonetheless, Dobler argues that the trial court tolled the notice of appeal deadline ex post facto through its February 11 order. This is because, as Dobler claims, that order retroactively vacated the initial denial of the motion for an extension of time and granted Dobler's requested sixty-day extension. Dobler argues that the retroactive change then made his Rule 59 motion timely, thus tolling the deadline.

¶ 19 But Dobler's argument ignores the fact that the trial court initially denied the motion for an extension of time. Because of that denial, Dobler's Rule 59 motion was untimely. *See* C.R.C.P. 59(a) (requiring the Rule 59 motion to be filed within the fourteen-day period following the final order). His failure to timely file his Rule 59 motion consequently "deprive[d] the [trial] court of jurisdiction to

hear any motion filed after the [fourteen]-day period ha[d] expired." *Stone v. People*, 895 P.2d 1154, 1156 (Colo. App. 1995); *accord Nat'l Acct. Sys., Inc. v. Dist. Ct.*, 634 P.2d 48, 49 (Colo. 1981); *see also* C.R.C.P. 6(b) (A court "may extend the time for taking any action under Rule 59 *only as allowed* by that rule." (emphasis added)); C.A.R. 4(a)(3) ("The lower court continues to have jurisdiction to hear and decide a motion under [Rule] 59 regardless of the filing of a notice of appeal, provided the [Rule] 59 motion *is timely filed* under [Rule] 59(a) . . . ." (emphasis added)).

¶ 20    As a result, on February 11, the judgment of dismissal was final, and the trial court lacked the jurisdiction to rectify the lapsed deadline by retroactively granting Dobler's motion.[4]  *See Dill v. Cnty. Ct.*, 541 P.2d 1272, 1273 (Colo. App. 1975) (holding that neither the trial court nor the parties can attempt to correct a jurisdictional defect by trying to avoid the procedural rules of court).  Therefore,

---

[4] To the extent Dobler claims that the trial court had authority to act retroactively under C.R.C.P. 60(b), such a claim doesn't alter our disposition because Rule 60(b) can't be used to toll a notice of appeal deadline.  *See In re Marriage of Forsberg*, 783 P.2d 283, 284 n.2 (Colo. 1989).

the deadline wasn't tolled and the notice of appeal remained untimely.

¶ 21    Lastly, we are unpersuaded by Dobler's argument that the motions division's June 20 order had already resolved the jurisdictional issue in Dobler's favor.  That order only struck the amended notice of appeal and correctly noted that the Rule 59 motion was deemed denied for all purposes before the trial court ruled on it.  *See* C.R.C.P. 59(j).  Thus, the motions division didn't rule on the timeliness of the notice of appeal, and nothing in the division's order addressed jurisdictional prerequisites or the tolling of deadlines.[5]  *See Chavez,* ¶ 15 ("Jurisdictional screening can occur at any time during the life of an appeal . . . .").

¶ 22    In sum, we appreciate the complexities of the procedural rules for notices of appeal and Rule 59 motions.  And we appreciate Dobler's sense that it is unfair that the trial court's inaction contributed to the untimeliness of his notice of appeal — especially considering his limited access to legal resources while incarcerated.

---

[5] Even if it had, we have an independent obligation to determine our jurisdiction, *Smith v. City & County of Denver,* 2025 COA 70, ¶ 12, and we are not bound by a ruling of the motions division when resolving an appeal, *Chavez v. Chavez,* 2020 COA 70, ¶ 13.

Nonetheless, the appellate rules apply strictly to the notice of appeal deadline. *See Collins v. Boulder Urb. Renewal Auth.*, 684 P.2d 952, 954 (Colo. App. 1984) (holding that the rules for filing a notice of appeal require strict compliance). And Dobler's status as a pro se party ultimately doesn't excuse him from having to navigate the rules' requirements, which he failed to successfully do in this case. *See Negron v. Golder*, 111 P.3d 538, 541 (Colo. App. 2004) (holding that pro se parties are "bound by the same rules of civil procedure as attorneys licensed to practice law"). Because he did not timely file a notice of appeal within the period permitted by the rules, we lack jurisdiction to consider the merits of his claims.[6]

## III. Disposition

¶ 23    The appeal is dismissed.

JUDGE FREYRE and JUDGE TAUBMAN concur.

---

[6] We also note that Dobler didn't move this court to accept his late notice of appeal as timely or assert excusable neglect, good cause, or unique circumstances after the CDOC raised the jurisdictional defect. Accordingly, we do not address those issues. *See Galvan v. People*, 2020 CO 82, ¶ 45 (addressing the party presentation principle, which limits our review to the issues raised by the parties); *cf. Johnson v. McGrath*, 2024 COA 5, ¶ 10 (holding that it is not our role to act as advocate for self-represented parties).

11